**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DEMARCO CAMPBELL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 08-CV-536-GKF-PJC |
| ) | |
| **GREG PROVINCE, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner DeMarco Campbell is a state inmate appearing *pro se*. Before the Court is his petition for habeas corpus relief (Dkt. # 1). Respondent filed a response (Dkt. # 7), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 7, 8, 9). Petitioner filed a reply (Dkt. # 14). For the reasons discussed below, the petition shall be denied.

### *BACKGROUND*

In the early afternoon of November 18, 2004, Petitioner followed his cousin, Creason Reed, to the home of Reed's former girlfriend, Kinesha Pearson. Pearson lived at 2129 North Quaker Street in Tulsa, Oklahoma. Reed believed that Pearson had stolen a thousand dollars from him, and he was going to her home to try to resolve their dispute. Reed parked his pickup truck in front of Pearson's home. Petitioner parked across the street. Upon their arrival, several persons, including Norris "Pooky" Williams, Robert "Meathead" Johnson, Pearson, and Pearson's mother, came out of Pearson's home to talk to Reed at his truck. At some point, Petitioner got out of his car, pulled out a gun, and fired shots. Everyone began running. Pearson retrieved a gun from inside her house and fired several shots into the front yard from just inside the door. While there was conflicting

testimony about who fired the first shot,[1] both Norris Williams and Robert Johnson were shot in the back. The victims were taken to the hospital, but both died shortly after arrival as a result of gunshot wounds. The Tulsa Police Department's forensic expert determined that the victims were not shot with bullets from Pearson's gun.

Petitioner was arrested and charged with two counts of First Degree Murder in Tulsa County District Court Case No. CF-04-5103. He was tried by a jury and found guilty on both counts. On December 1, 2005, the trial judge sentenced Petitioner to two sentences of life imprisonment, to be served concurrently. See Dkt. # 9-10, Sent. Trans. at 10-11. At trial, Petitioner was represented by attorney Kathy Fry.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorneys Robert Jackson and Steven Presson, he raised one (1) proposition of error:

> Proposition One:    The absence of a self-defense instruction deprived Mr. Campbell of a fundamentally fair trial.

(Dkt. # 7, Ex. 1). In an unpublished summary opinion filed May 4, 2007, in Case No. F-2005-1218 (Dkt. # 7, Ex. 3), the OCCA rejected Petitioner's claim and affirmed the Judgment and Sentence of the trial court.

On May 2, 2008, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 7, Ex. 4. He raised the following two grounds of error:

> Ground One:    Ineffective assistance of trial counsel in violation of 5th, 6th and 14th amendments of the Constitution.

---

[1]   Petitioner testified at trial that he did not fire his gun until after he heard shots being fired from the direction of the house. Pearson testified that she did not get her gun from the house and begin firing until after she heard several shots fired by Petitioner.

2

> Ground Two: Ineffective assistance of appellate counsel in violation of 5th, and 14th amendments of the Constitution.

See Dkt. # 7, Ex. 4. The trial court denied post-conviction relief on June 6, 2008. See Dkt. # 7, Ex. 5. Petitioner appealed (Dkt. # 7, Ex. 6). By order filed July 18, 2008, in Case No. PC-2008-632, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 7, Ex. 7.

Petitioner filed his federal habeas corpus petition on October 17, 2008 (Dkt. # 1), identifying the following grounds of error:

> Ground One: District Judge Failed to conduct section 1084 Evidentiary Hearing despite the existence of the following material issues of fact: (1) The conviction of the sentence was in violation of the constitution of the United States and the laws of the state of Oklahoma, particularly the 5th, 6th, and 14th constitutional amendments.
>
> Ground Two: District Court denied Petitioner a Self-Defense instruction.

See Dkt. # 1. In response to the petition, Respondent argues Petitioner is not entitled to habeas corpus relief because Ground One is procedurally barred, and Ground Two is not cognizable in a habeas proceeding. See Dkt. # 7.

## *ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Adjudication by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Petitioner raised his second ground of error on direct appeal. To the extent that claim is cognizable in this federal habeas corpus proceeding, it shall be reviewed pursuant to § 2254(d).

### District court denied a self-defense instruction (ground 2)

For his ground two claim of error, Petitioner states that the district court denied him a self-defense instruction. He provides no supporting facts or legal argument, but directs the Court to "[s]ee attached page with supporting facts." See Dkt. # 1 at 4. The attachments to the petition include copies of the following: (1) "Index of Contents" page for record in Case No. CF-2004-5103; (2) notice of post-conviction appeal in Case No. CF-2004-5103; (3) summary opinion in OCCA

4

Case No. F-2005-1218; (4) order denying post-conviction relief in Case No. CF-2004-5103; (5) petition in error in Case No. PC-2008-632; and (6) order affirming denial of post-conviction relief in Case No. PC-2008-632. See id. at 8-22. Nothing in any of those documents provides facts or arguments which support Petitioner's claim that his constitutional rights were violated because the district court denied a self-defense instruction.

Interestingly, as part of his ineffective assistance of appellate counsel claim raised on post-conviction appeal, Petitioner presented an argument directly opposite to the ground two claim in his habeas petition. In his *pro se* post-conviction petition in error, Petitioner stated that appellate counsel Robert Jackson "raised a single frivolous issue claiming that the District court denied Petitioner a self-defense instruction." See Dkt. # 1 at 18. He further argued:

> **NUMBER ONE**, appellate counsel was aware that the facts of the case did not warrant a self-defense instruction due to the petitioner's appearance at the crime scene prior to the shooting. ***Hogan v. State 2006 Ok.Crim. 19 Par.38 139 P.3d 907.***
>
> **NUMBER TWO**, counsel on appeal, without consulting with me, entered into this frivolous Self-defense claim which denied me the two non-frivolous proposition of errors that I raised in the present Application for Post-conviction Relief/Appeal Out-of-Time request in the lower court.

Id.

Notwithstanding the contradictory arguments made by Petitioner on post-conviction appeal regarding the issue of a self-defense instruction, the Court recognizes that Petitioner's ground two claim of error was raised on direct appeal. In denying the claim on the merits, the OCCA found as follows:

> In determining Campbell's sole proposition of error we find that Campbell did not request, and in-fact, refused instructions on self-defense, thus his burden is to show plain error occurred. *Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. We find that there was no error in the trial court's failure to instruct on the theory of self-defense, as the evidence did not support such instructions. As the facts

5

> did not support the instructions, Campbell cannot show plain error. *Id.* at ¶ 39, 923. Furthermore, because the evidence did not support the instructions, trial counsel cannot be found ineffective for failing to request the instructions.

See Dkt. # 7, Ex 3 at 2.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in a federal habeas proceeding 'unless they are so fundamentally unfair as to deprive the petitioner of a fair trial and due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long. v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)). In addition, the Tenth Circuit Court of Appeals has found "no practical distinction" between the formulations of plain error used by the OCCA and the federal due-process test, requiring reversal when an error "so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 75 (1991)). Because the OCCA applied the same test required for a due process determination, this Court defers to its ruling unless it "unreasonably appli[ed]" that test. Id. (citing 28 U.S.C. § 2254(d)). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

After reviewing the record in this case, the Court finds that the trial court's failure to instruct on self-defense did not so infuse Petitioner's trial with unfairness as to result in the denial of due process. Upon review of the record, the Court agrees with the OCCA's conclusion (and Petitioner's admission on post-conviction) that a self-defense instruction was not justified by the evidence. Accordingly, the trial court did not err in failing to give a self-defense instruction and Petitioner was not deprived of due process. There being no error, the OCCA did not unreasonably apply federal law

6

on this point. Habeas relief shall be denied on Petitioner's ground two claim.

**C.    Procedural bar**

As his first proposition of error, Petitioner claims that the district judge failed to conduct a "section 1084[2] Evidentiary Hearing." See Dkt. # 1. This portion of his first proposition of error states no cognizable federal habeas claim as there is no constitutional provision requiring a state to grant post-conviction review. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding petitioner may not challenge state court's denial of post-conviction evidentiary hearing because "federal habeas corpus relief does not lie for errors of state law"). Petitioner states further in ground one that his trial counsel was ineffective at trial. No supporting details or argument are provided in the petition concerning his ground one claim. See Dkt. # 1 at 3. However, in his reply, Petitioner contends that, *inter alia*, his trial counsel was ineffective "for not investigating the strong probability and the strong possibility of a third shooter and a third gun." See Dkt. # 14. Because this claim was raised for the first time in his reply, the Court will not consider Petitioner's allegations regarding a possible third shooter. See e.g., Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005) (finding that raising an issue for the first time in a reply brief or traverse is insufficient to preserve it).

Respondent treats ground one as a claim of ineffective assistance of counsel, and contends that it is procedurally barred (Dkt. # 7 at 3). In reply, Petitioner states that ineffective assistance of appellate counsel caused his ineffective assistance of trial counsel claim to be defaulted (Dkt. # 14

---

[2]    It appears Petitioner is referring to the Oklahoma statute which requires an evidentiary hearing in post-conviction proceedings "[i]f the application cannot be disposed of on the pleadings and record, or there exists a material issue of fact . . . ." See Okla. Stat. tit. 22, § 1084.

at 1). On post-conviction appeal, the OCCA declined to address the merits of Petitioner's ineffective assistance of counsel claim. Instead, the OCCA imposed a procedural bar, finding as follows:

> Regarding his claim of ineffective assistance of trial counsel, any issue that could have been raised in Petitioner's direct appeal, but was not, is waived, and may not be the basis of a post-conviction application. 22 O.S. 2001, § 1086; Rules 2.1(B) & 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008). *See also, Berget v. State,* 1995 OK CR 66, 907 P.2d 1078, 1081-85.

See Dkt. # 7, Ex. 7 at 2. Respondent argues that this Court must recognize the procedural bar imposed by the state appellate court.

The Court finds that, insofar as Petitioner is alleging the same claim of ineffective assistance of trial counsel as raised in his application for post-conviction relief, the claim is procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined or would decline to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).

In this case, the OCCA's procedural bar as applied to this claim was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. However, because this claim is one of ineffective assistance of counsel, the adequacy of the state court's procedural bar requires additional analysis. When the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of

Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). In English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court finds that the OCCA's procedural bar was based on state grounds "adequate" to preclude federal review. At trial, Petitioner was represented by attorney Kathy Fry. On appeal, Petitioner was represented by attorneys Robert Jackson and Steven Presson. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel on appeal. The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, the special appellate remand rule for ineffectiveness claims. English, 146 F.3d at 1263-64. Although Petitioner provides no details or

9

explanation concerning his ineffective assistance of trial counsel claim, a review of his petition in error filed on post-conviction appeal reveals his complaint that trial counsel did not have the bullets in his case tested "by means of a technique called couple plasma atomic emission spectroscopy (ICP analysis)." See Dkt. # 7, Ex. 6 at 2. This claim could be resolved on the record alone. First, it is clear from the record that trial counsel did not have the bullets subjected to ICP testing. More importantly, the record reflects that Dennis Fuller, a firearms and toolmark examiner for the Tulsa Police Department, testified that he could conclusively opine that the bullets which killed the two victims were not shot from Pearson's weapon. With her weapon excluded and only one other weapon used during the incident, it was not necessary to conduct an ICP analysis to conclude that bullets fired from Petitioner's gun killed the two victims.

Even if Petitioner's defaulted claim could not be resolved on the record alone, he has failed to allege with specificity how Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). As a result, he has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel as raised in his post-conviction proceedings are procedurally barred.

This Court may not consider Petitioner's procedurally barred claim of ineffective assistance of trial counsel unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman,

501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner asserts that ineffective assistance of appellate counsel serves as "cause" sufficient to excuse his procedural default. See Murray, 477 U.S. at 488-89. In this case, Petitioner raised a claim of ineffective assistance of appellate counsel on post-conviction appeal. On post-conviction appeal, the OCCA cited Strickland v. Washington, 466 U.S. 668, 687 (1984), in concluding that appellate counsel was not constitutionally ineffective. However, the OCCA went further and stated that "[t]he fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default." See Dkt. # 7, Ex. 7 at 2. That premise deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law); see also Malicoat v. Mullin, 426 F.3d 1241, 1248

(10th Cir. 2005) (following Cargle). Because the OCCA's analysis of petitioner's ineffectiveness allegations deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248. Therefore, the Court will review Petitioner's claim of ineffective assistance of appellate counsel *de novo*.

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

Claims of ineffective assistance of trial counsel are analyzed under the two-pronged Strickland standard. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in

12

criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Petitioner argued in his state post-conviction appeal that trial counsel should have had the bullets in his case subjected to a "couple plasma atomic emission spectroscopy (ICP analysis)" test which could "link the projectile" to the shooter. See Dkt. # 7, Ex. 6 at 2. He stated that appellate counsel was ineffective for failing to raise this claim on direct appeal. Although it is not entirely clear, it appears he argued to the OCCA that if an ICP analysis had been conducted it would have revealed that the bullets which killed the two victims came from Kinesha Pearson's weapon. Id. at 3. However, a firearms and toolmark expert testified at trial that the bullets recovered from the bodies of the victims were not fired from Pearson's weapon. See Dkt. # 9-8, Tr. Trans. Vol. III at 197, 207. Petitioner has not demonstrated that the result of his criminal proceeding would have been different but for trial counsel's failure to obtain an ICP analysis of the bullets recovered from the

victims' bodies. This claim of ineffective assistance of trial counsel lacks merit. Appellate counsel did not perform deficiently in failing to raise the claim on direct appeal. As a result, Petitioner's ineffective assistance of appellate counsel claim cannot serve as "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception to the procedural bar doctrine is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crimes for which he was convicted. However, he provides no new evidence supporting this claim. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's ground one defaulted claim. Coleman, 510 U.S. at 724. He is not entitled to habeas corpus relief.

### D. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to the claim denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling

15

resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus, as amended, shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

DATED this 20th day of March, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT